**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 98-40480

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

FERNANDO ALVARADO; IRMA GARCIA; ARGELIA LLANOS; SAVAS URIBE;
ALEJANDRO PAZ,

Defendants-Appellants.

---

Appeals from the United States District Court
For the Southern District of Texas
(M-97-CR-221-2)

---

March 22, 2000

Before DAVIS, CYNTHIA HOLCOMB HALL[*] and SMITH, Circuit Judges

PER CURIAM:[**]

In this appeal from convictions and sentences in a multiple defendant drug trafficking and money laundering case, the Appellants raise a number of issues.[***]

---

[*] Circuit Judge of the Ninth Circuit, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[***] Appellants make the following claims: (1) Fernando Alvarado claims that the district court miscalculated his base level sentence by overestimating the amount of drugs involved in the conspiracy and improperly enhanced his sentence for both possession

After carefully reviewing the record and considering the Briefs and arguments of counsel, we are persuaded that none of the Appellants' arguments have merit and the district court committed no reversible error. The judgment of conviction and sentence as to all defendants is therefore affirmed.

AFFIRMED.

---

of firearms and playing an organizational or leadership role in connection with his drug trafficing offenses; (2) Irma Garcia claims that insufficient evidence was presented at trial to support her money laundering convictions, the district court improperly admitted evidence of an uncharged financial transaction that was unduly prejudicial to her defense, and her property was wrongly seized under mandatory criminal forfeiture laws; (3) Angelia Llanos claims that the district court failed to instruct the jury that her alleged money laundering transactions must have affected interstate commerce, that there was insufficient evidence to show that interstate commerce was adequately affected, and that the federal money laundering statute at issue is unconstitutional both facially and as applied; (4) Savas Uribe claims that insufficient evidence was presented at trial to support his convictions and that the district court erred in admitting evidence at trial of numerous firearms recovered in a search of his residence, in enhancing his sentence for possession of these weapons in connection with his crimes, and in miscalculating his base level sentence by overestimating the amount of drugs involved in his offense; and (5) Alejandro Paz claims that insufficient evidence was presented at trial to support his convictions.